JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SHANNA GARNER | CENTRAL CREDIT SERVICES f/k/a INTERGRITY SOLUTION SERVICES, INC., a wholly-owned subsidiary of RADIUS GLOBUS SOLUTIONS |

**(b)**  County of Residence of First Listed Plaintiff  **BUCKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
CRAIG THOR KIMMEL, KIMMEL & SILVERMAN, P.C.
30 EAST BUTLER PIKE, AMBLER, PA 19002
PHONE: (215) 540-8888 EXT. 116

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | ☐ 365 Personal Injury - | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 367 Health Care/ | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Pharmaceutical | | ☒ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Personal Injury | **LABOR** | **SOCIAL SECURITY** |
| ☐ 153 Recovery of Overpayment | Liability | Product Liability | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 368 Asbestos Personal | Act | ☐ 862 Black Lung (923) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Injury Product | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 190 Other Contract | Product Liability | Liability | Relations | ☐ 864 SSID Title XVI |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | **PERSONAL PROPERTY** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |
| ☐ 196 Franchise | Injury | ☐ 370 Other Fraud | ☐ 751 Family and Medical | |
| | ☐ 362 Personal Injury - | ☐ 371 Truth in Lending | Leave Act | |
| | Medical Malpractice | ☐ 380 Other Personal | ☐ 790 Other Labor Litigation | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Property Damage | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 385 Property Damage | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |
| ☐ 220 Foreclosure | ☐ 441 Voting | Product Liability | | or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | | ☐ 871 IRS—Third Party |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | **Habeas Corpus:** | | 26 USC 7609 |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 463 Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities | ☐ 510 Motions to Vacate | | ☐ 375 False Claims Act |
| | Employment | Sentence | | ☐ 400 State Reapportionment |
| | ☐ 446 Amer. w/Disabilities | ☐ 530 General | **IMMIGRATION** | ☐ 410 Antitrust |
| | Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 450 Commerce |
| | ☐ 448 Education | **Other:** | ☐ 465 Other Immigration | ☐ 460 Deportation |
| | | ☐ 540 Mandamus & Other | Actions | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | ☐ 891 Agricultural Acts |
| | | ☐ 555 Prison Condition | | ☐ 893 Environmental Matters |
| | | ☐ 560 Civil Detainee - | | ☐ 895 Freedom of Information |
| | | Conditions of | | Act |
| | | Confinement | | ☐ 896 Arbitration |
| | | | | ☐ 899 Administrative Procedure |
| | | | | Act/Review or Appeal of |
| | | | | Agency Decision |
| | | | | ☐ 950 Constitutionality of |
| | | | | State Statutes |

*Note: the OTHER STATUTES column also lists: ☐ 850 Securities/Commodities/Exchange*

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.
Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
06/08/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 27 Viking Lane, Levittown, PA 19054

Address of Defendant: 20 Corporate Hills Drive, St. Charles, MO 63301

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 06/08/15     _____     57100
                   Attorney-at-Law               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/08/15     _____     57100
                   Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| SHANNA GARNER, | : | CIVIL ACTION |
| v. | : | |
| CENTRAL CREDIT SERVICES f/k/a | : | |
| INTEGRITY SOLUTION SERVICES, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( x )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )

| 06/08/2015 | | Plaintiff, Shanna Garner |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-540-8888 x 116 | 877-788-2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

SHANNA GARNER,                                    )
                                                  )
      Plaintiff                              )
                                                  )   **Case No.:**
      v.                                     )
                                                  )   **COMPLAINT AND DEMAND FOR**
CENTRAL CREDIT SERVICES                           )   **JURY TRIAL**
F/K/A INTEGRITY SOLUTION                           )
SERVICES, INC., a wholly-owned                     )   **(Unlawful Debt Collection Practices)**
subsidiary of RADIUS GLOBUS                        )
SOLUTIONS,                                         )
                                                  )
      Defendant                              )

## COMPLAINT

SHANNA GARNER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CENTRAL CREDIT SERVICES f/k/a INTEGRITY SOLUTION SERVICES, INC., a wholly-owned subsidiary of RADIUS GLOBUS SOLUTIONS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

1

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Levittown, Pennsylvania 19054.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection company with corporate headquarters located at 20 Corporate Hills Drive, St. Charles, Missouri 63301.

8.      Defendant is a "debt collector" as that term is defined by U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Radius Global Solutions through its wholly-owned subsidiary, Central Credit Services f/k/a Integrity Solution Services Inc., purchases and/or

manages and collects debts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

14. As Plaintiff owes no business debts, the alleged debt could only be personal in nature.

15. Beginning in September 2014, and continuing through October 2014, Defendant repeatedly called Plaintiff on her cellular telephone seeking and demanding payment of an alleged debt.

16. Defendant contacted Plaintiff using the following phone numbers: , (877) 861-1415, (877) 861-1428, and (636) 224-3071. The undersigned has since

3

PLAINTIFF'S COMPLAINT

confirmed that these telephone numbers belong to Defendant.

17.     Finding the calls inconvenient and wasteful of her cellular minutes, in September 2014, Plaintiff spoke with Defendant and demanded that it stop calling her on her cellular telephone.

18.     Defendant did not update its records and did not cease calling Plaintiff.

19.     Rather, Defendant continued to call, using different caller ID telephone numbers in an effort to conceal its identity.

20.     Once Defendant was notified to stop calling Plaintiff on her cellular telephone, its continued calls to her cellular telephone were made with the intent to harass her.

21.     Finally, within five days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request verification, as well as her right to request the name and address of the original creditor.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

22.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

a.     A debt collector violates § 1692d of the FDCPA  by engaging

in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Here, Defendant violated § 1692d of the FDCPA by repeatedly contacting Plaintiff over several months after being told to stop calling Plaintiff's cellular telephone to annoy, abuse, and harass Plaintiff.

## COUNT II

23.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a.    Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA when it failed to update its records to stop calling Plaintiff after being told to stop calling her as well as publishing different numbers on Plaintiff's caller id to try to disguise its identity.

## COUNT III

21.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

PLAINTIFF'S COMPLAINT

a.    A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial

communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, SHANNA GARNER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHANNA GARNER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 06-08-2015

By: _____

CRAIG THOR KIMMEL
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

8

PLAINTIFF'S COMPLAINT